```
UNITED STATES DISTRICT COURT              FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
UNITED STATES OF AMERICA,                 :
                                          :           MEMORANDUM
              - against -                 :
                                          :           07-CR-117 (JG)
GORDON PICKETT,                           :
                                          :
                     Defendant.           :
----------------------------------------------------------------- X
```

A P P E A R A N C E S :

BENTON CAMPBELL
    United States Attorney
    Eastern District of New York
    271 Cadman Plaza East, 7th Floor
    Brooklyn, New York 11201
By:  Valerie Tocci
    Attorney for Government

LAW OFFICES OF SAGHIR
    111 Livingston Street, Suite 1110
    Brooklyn, New York 11201
    Attorney for Defendant
By:  Uzmah Saghir

JOHN GLEESON, United States District Judge:

       On May 1, 2008, Uzmah Saghir, retained counsel for the defendant Gordon Pickett, made her most recent request for an adjournment of this case. She asked for a six-month continuance of Pickett's already-delayed trial because of a medical condition. While I am concerned for Saghir's wellbeing and wish her well, in light of the lengthy delays this case has already incurred, I denied Saghir's request for such a lengthy adjournment. In an order dated May 4, 2008, I directed Saghir to notify the Court on or before May 28, 2008 whether she would represent her client at trial, which I scheduled for July 28, 2008. The order further stated that, in the event Saghir could not try the case on that date, Florian Miedel, Esq. would represent Pickett at trial. I stated in the May 4 order that an opinion would follow. This is that opinion.

1

BACKGROUND

Indicted on February 14, 2007 for possession of counterfeit and unauthorized access devices and for access device fraud, Pickett was initially represented by court-appointed counsel, Margaret M. Shalley. On March 9, 2007, Pickett retained Saghir as counsel, and I relieved Shalley.

On June 14, 2007, Saghir expressed her intention to move to dismiss the indictment. I set a briefing schedule for the motion, with defendant's motion due July 26, 2007; the government's opposition due August 9, 2007; and the reply due August 16, 2007. Saghir, however, failed to file the motion, explaining in a letter dated September 4, 2007 that she had to travel to England and Pakistan to care for her ill grandmother and to deal with "some other unfortunate events in her family." She requested leave to submit her motion on November 5, 2007. I issued a new briefing schedule that directed Saghir to submit the motion by October 26, 2007; with opposition papers due November 9, 2007; and any reply due November 15, 2007. On November 13, 2007, Saghir again requested an extension of time. She informed the Court that she would need additional time because she had been away "on an expected matter over the long weekend which caused [her] to fall behind on her schedule." I granted Saghir's request and directed her to file her reply by November 19. She filed it on November 20. On November 27, 2007, I held oral argument on the motion to dismiss the indictment and denied it. Jury selection and trial was scheduled for February 4, 2008.

On January 25, 2008, the government informed the Court that it had obtained a superseding indictment, and an arraignment on the superseding indictment was held on Friday, February 1, 2008, the date that had been previously set for the final pre-trial conference. At the arraignment, the government contended that trial ought to go forward on the superseding indictment the following Monday. However, the addition of new charges and the provision of new discovery, together with Saghir's reasonable request for an adjournment, caused me to adjourn the trial to April 14, 2008.

In a letter dated March 19, 2008, Saghir informed the court of a medical condition that caused her doctor to recommend "complete bed rest." Saghir requested an adjournment of the trial. I granted that adjournment and directed Saghir to file a status report on the condition of her health on or before March 28, 2008. In her written report, Saghir notified the Court that certain test results had not come back yet, but that her doctor continued to recommend that she rest as much as possible. I again directed her to provide the Court with a written report as to her health by April 11, 2008, and I also directed her to discuss with her client whether it was his desire that she continue as counsel.[1] In a telephone conference held on April 11, 2008, Saghir confirmed that Pickett wished to continue with her as counsel. She further informed the Court of her doctor's continuing recommendation that she rest as much as possible.[2] Saghir requested that the trial be adjourned for eight months, until December 8, 2008. The government opposed such a lengthy adjournment, arguing, in a letter dated April 17, 2008, that such a delay would prejudice the government by increasing the risk that witnesses would become unavailable.

On April 21, 2008, Saghir notified the Court of a development in her medical condition, and a status conference was held on May 1, 2008 to discuss the trial schedule. Saghir, appearing by telephone, requested a six-month continuance and also suggested that the matter of the trial date be revisited in 90 days.

In an order dated May 4, 2008, I denied Saghir's request for a sixth-month adjournment and scheduled jury selection to occur on July 21, 2008, with the trial commencing on July 28, 2008. The order gave Saghir until May 28, 2008 to notify the Court whether she would represent her client at trial.

---

[1] My concern in this regard was heightened when I learned that the case had been scheduled by counsel for both sides for a guilty plea even though Pickett himself had not decided to plead guilty. *See* Transcript of Proceedings on March 21, 2008, at 2-3.

[2] In light of this representation, I was surprised to learn that Saghir had appeared before a different judge in this district on April 18, 2008 in *United States v. Derrick Sanders*, 08-cr-137, and not only failed to mention her precarious medical condition but also informed the judge that she would be unavailable from April 22, 2008 to May 6, 2008 because she had plans to visit her sick grandmother in England. I expressed my concern over these inconsistent stances to Saghir on May 1, 2008, and I see no need at this point to further explore her explanation.

DISCUSSION

Pickett's Sixth Amendment right to choose his own counsel is "circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 158, 159. "[E]xercise of that right must at times give way to the need for the fair and efficient administration of justice." *United States v. Cicale*, 691 F.2d 95, 106 (2d Cir. 1982)). For example, "where the inability of retained counsel to serve gives promise of unreasonable delay or inconvenience in completing the trial, the court may require the defendant to secure other counsel." *United States v. Bentvena*, 319 F.2d 916, 936 (2d Cir. 1963); *see also Lainfiesta v. Artuz*, 253 F.3d 151, 154 (2d Cir. 2001) ("This qualified right may be overcome when it is outweighed by competing interests in the fair administration of justice or maintaining orderly trial procedures.").

"[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat,* 486 U.S. at 159 (citing *Morris v. Slappy,* 461 U.S. 1, 13-14 (1983)). "A district court has broad discretion to deny a request to postpone a trial to accommodate defense counsel's schedules." *United States v. Ferguson*, 246 F.R.D. 107, 126-27 (D. Conn. 2007). "[O]nly an unreasoning and arbitrary insistence upon expeditiousness [by the district court] in the face of a justifiable request for delay violates the right to the assistance of counsel." *Id.* (quoting *Slappy,* 461 U.S. at 11-12 (internal quotation marks omitted)).

First indicted over sixteen months ago, this case has already had a longer run to trial or guilty plea than most. The six-month adjournment requested in April would not have been appropriate in light of the public's interest in speedy trials and the interest of the government in being able to effectively present its case. *See United States v. Scopo*, 861 F.2d 339, 344 (1988) ("The matter of whether or not to adjourn a trial date 'is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.'" (quoting *Ungar v. Sarafite*, 376 U.S. 575,

589 (1964))); *United States v. Ferguson*, 246 F.R.D. 107 (D.Conn. 2007); *United States v. Cicale*, 691 F.2d 95, 106-7 (2d Cir. 1982).  For those reasons, I denied the defendant's request for a six-month adjournment of trial.  Jury selection will occur on July 21, 2008 at 9:30 AM.  After a jury is selected, the trial will resume on July 28, 2008 until it concludes.

        So ordered.

        John Gleeson, U.S.D.J.

Dated:  June 2, 2008
       Brooklyn, New York