```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
```

| UNITED STATES OF AMERICA | ORDER |
|---|---|
| - versus - | 07-CR-117 |
| GORDON PICKETT, | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

       *Pro se* defendant Gordon Pickett brings this "motion" under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, for the return of administratively forfeited money. For the reasons stated below, I dismiss the motion.

## BACKGROUND

       Upon the conclusion of criminal proceedings arising from his fraudulent credit card business, Pickett, proceeding *pro se*, filed a motion under Federal Rule of Criminal Procedure 41(g) seeking the return of money the government had seized and administratively forfeited in proceedings completed on June 19, 2007. Pickett objected to the forfeiture on the merits and also claimed that he did not receive notice of the forfeiture proceedings. I construed Pickett's motion as a motion to set aside the forfeiture under § 983(e) of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, *codified in part at* 18 U.S.C. § 983, and found that I lacked jurisdiction to hear that portion of the motion that challenged the merits of the forfeiture. *United States v. Gordon Pickett*, No. 07 Crim. 117, 2011 WL 3876974, *3-4 (E.D.N.Y. Sept. 1, 2011). Although I found that I had jurisdiction to entertain that portion of Pickett's motion challenging whether he received notice of the pending forfeiture, I rejected the challenge because I found that Pickett had received actual notice. *Id.* at *2.

On October 7, 2011, Pickett filed a civil action under the APA in which he raised issues virtually identical to those raised in his earlier Rule 41(g) motion. I directed that the action be docketed as a motion in this criminal case and I denied the motion on October 18, 2011. On November 3, 2011, Pickett filed a second civil action under the APA in which he again raised the same issues, and I dismissed that suit on December 14, 2011. Pickett filed the instant motion on December 14, 2011.

DISCUSSION

Pickett's motion raises the same merits-based challenges to the forfeiture that I have previously denied on jurisdictional grounds, and I dismiss those challenges here on the same grounds. Because Pickett requests the return of money that has already been forfeited and disbursed, the principle of sovereign immunity bars me from exercising jurisdiction to hear his request unless the government has expressly waived its immunity. *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008). Yet no express waiver exists for Pickett's merits-based challenges. The APA does not waive sovereign immunity for challenges to civil forfeiture proceedings; rather, a motion under § 983(e) of CAFRA is the "*exclusive* remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5) (emphasis added); *see* 5 U.S.C. § 702 ("Nothing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."). CAFRA does not waive sovereign immunity for merits-based challenges to civil forfeitures. § 983(e)(1). I am therefore without jurisdiction to hear them.

CAFRA does, however, waive sovereign immunity for notice-based challenges. Specifically, it permits suits by "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice" if "the

Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and . . . the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." § 983(e)(1).

Pickett raises a notice-based claim in this motion, as he did in his initial Rule 41(g) motion. However, whereas in his first motion he argued that he never received notice of the forfeiture, he here acknowledges that he received written notice but complains that the *content* of the notice was legally insufficient to adequately advise him of the forfeiture proceedings. Pickett points to three alleged defects with the notice: It failed (1) to state that a bond was required to make a claim to the seized money; (2) to include a copy of the statutes and regulations governing forfeiture proceedings; and (3) to apprise him that if he did not make a claim he would lose his right to contest the forfeiture.

I conclude that the notice provided was legally adequate. The notice communicated all of the necessary information to Pickett. It notified him of precisely what the government had seized and expressly conveyed that he could do one of two things: "contest the seizure and forfeiture of the property in United States District Court by filing a Claim *or* . . . agree to the forfeiture of the property . . . by filing a Petition for Remission or Mitigation. Def.'s Mot. Equitable Relief From Procedurally Deficient Forfeiture, Ex. A, ECF. No. 141 (emphasis added). The Notice also advised Pickett of the deadline for filing a district court claim (April 4, 2007), outlined the procedures for filing such a claim, and directed Pickett to the specific statute authorizing the forfeiture in his case. *Id.* This was sufficient to communicate to Pickett that he must file a timely claim in order to preserve his right to contest the forfeiture, and it gave him the opportunity to do so. It was not necessary for the government to include a copy of the relevant forfeiture statute or to elaborate upon the consequences of non-action. In addition, as the

government points out, the notice was not defective for failure to advise Pickett that he would need to post a bond in order to make a claim to the seized money, as CAFRA permitted him to make a claim without posting a bond. *See* § 983(a)(2)(E). Pickett's notice-based claim is therefore without merit.

## CONCLUSION

For the reasons stated herein, Pickett's motion to recover administratively forfeited currency is denied.

So ordered.


John Gleeson, U.S.D.J.

Dated: March 1, 2012
Brooklyn, New York

4